Mrs Chief Justice Shaiiket
delivered the opinion of the court, on the merits.
The plaintiffs in error were sued as the endorsers of a promissory note, which became due, days of grace included, on the 29th of January; 1S37. The note was payable' at the Agricultural Bank, and was not protested until the 28th of February, 1837, and so averred in the declaration. The defendants below, suffered judgment by default, and now seek to reverse it, because they say the declaration shows no cahse' of action whatever, inasmuch as it was a condition in the undertaking of .the endorsers that demand should be made at the maturity of the note and notice given, and that inasmuch as the declaration Shows no cause of action whatever, the judgment is wholly' erroneous, and is not cured by the statute of jeofails. •
To the truth of the latter proposition we, readily assent, if the first be true. However broad our statute of jeofails may be, yet it certainly does not cure every thing. If there be no cause of action whatever stated in the declaration, a verdict does not cure - such -a defect.. There must be some obligation or duty stated which might bé a good cause of action. ■ Alíese statutes were evidently designed as statutes of pleading and practice, and although ours may be more comprehensive than the 'English statutes of jeofails, yet there is no' reason for construing it differently.. Under those statutes the uniform rule of construction is, that if the *493 plaintiff omits to state any title or cause of action, a verdict will not cure such a defect. 1 Saunders, 228, (Note 1.) The defects enumerated in the statute which are cured by verdict, pertain exclusively to points of pleading, and as the defects so enumerated apply to points in pleading,, it is fair to infer that the general provision which provides that any other defect in form or substance which might have been taken advantage of by demurrer, was intended to cover any omission in the enumeration, without extending the statute to any subject matter different in character from the previous part of the statute. On this supposition the word substance” would mean substance.in pleading.
But is it true that the plaintiff has shown no cause of action ? We do not think it is. The undertaking of an indorser is conditional. He agrees to pay if he receives notice of non-payment. The holder agrees .to give notice, which is a condition precedent. In pleading, it is usually necessary to aver the performance of precedent conditions; and yet, if they are not averred, it does not always follow that for that reason the judgment will be reversed after verdict. But suppose, in this instance, that it was necessary to aver presentment and notice of the maturity of the note-Has he not done so with sufficient certainty to protect his judgment by default ?
The averment in the declaration is, “that afterwards, when the said promissory note became due and payable according to the tenor and effect thereof, to wit, on the 28th day of February, 1837, the said promissory note was duly presented.” Here is an averment of due presentment, according to the tenor and effect of the note. And if the declaration ha.d stopped here, without stating any day, it seems that according to the authorities this would be sufficient. Chitty on Bills, 590, 9 Am. ed. and note (h). If this averment would be sufficient, it is not vitiated by averring the presentment under a scilicit to have been on the 28th day of February. If it was duly presented according to the tenor and effect, such presentment must have been at maturity, which was on the 29th of January. The repugnance, being in a thing unnecessary, may be rejected as surplusage, especially after verdict or judgment by default. In 1 Bacon, 215, 7 ed., it is said, if surplusage is repugnant to what is before alledged, it is void j *494 and he puts this case: — “ As if in trover the plaintiff declares that he was, on the 4th of March, possessed of goods, and that afterwards, scilicit the 1st of March, they came to hands of the defendant, who converted them.” The plaintiff here substantially averred that he presented the note on the 29 th of January; and this averment is not destroyed by that which follows it.
The case of Jackson, administratrix, v. Henderson, 3 Leigh, 196, is a decision in point. In an action by the" holder against the indorser of a bill of exchange, it was averred that presentment was made “ when the bill became due and payable, according to the tenor and effect thereof, to wit, on the 27th December, 1816, at the Bank of Marietta, in Ohio.” The 27th of December was not the third, but the fourth day after the time of payment, and there was no special custom of the bank allowing four days of grace; and yet it was held that the scilicit must be rejected as repugnant to the sufficient averment which preceded it. This was after verdict. In principle, there is no difference between one day and one month; a presentment one day too late would as effectually discharge an indorser, as would a presentment a month too late.
Now, whatever might have been the fate of this defect on demurrer, it is clearly not such as to justify a reversal of the judgment by default.
Let the judgment be affirmed.